```
            UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION
```

IN RE:                                    CASE NO.

**HESTER ALICE DAVIS,**                   04-03619-5-ATS

    **DEBTOR**


**HESTER ALICE DAVIS,**                   ADVERSARY PROCEEDING NO.

    **Plaintiff**                         S-05-00076-5-AP

    v.

**MILLENNIUM DEVELOPMENT GROUP, L.L.C.**
**and LEWIS A. THOMPSON, III,**

    **Defendants.**


**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Pending before the court is the motion for summary judgment filed by the defendant, Lewis A. Thompson, III.  Defendant Millennium Development Group, L.L.C. is not a party to this motion.  A hearing was held in Raleigh, North Carolina on January 10, 2005.  For the reasons that follow, the motion will be denied.

Debtor Hester Alice Davis filed a petition for relief under chapter 13 of the Bankruptcy Code on October 6, 2004, in order to stop foreclosure proceedings against her property.  She filed this adversary proceeding against the entity seeking to foreclose, Millennium Development Group, LLC, on April 4, 2005.  She added Mr. Thompson in his capacity as trustee, as a defendant on April 12, 2005.  Ms. Davis

alleged that Mr. Thompson, the deed of trust trustee, breached a fiduciary duty he owed to her, to remain neutral and impartial in the context of foreclosure proceedings brought by Mr. Thompson against Ms. Davis's property.

An abbreviated version of the undisputed facts shows that Ms. Davis entered a contract to purchase a new modular home from Millennium in February 2003. The $125,912 debt for the house was due, per the Note, on September 12, 2004 or upon closing, whichever came first. The modular home was delivered to her property in September 2003, just prior to the arrival of Hurricane Isabel. The home evidently incurred water and other damage in the storm, and Ms. Davis did not close on the home because, she contends, Millennium did not complete the home according to the contract. In November of 2003, through Mr. Thompson as trustee, Millennium indicated that it would collect the debt through foreclosure. Def.'s Mot. for Summ. J. Ex. 1.

Ms. Davis contacted Millennium in January 2004 to demand that Millennium provide the "new house " she had contracted for, at which time she would close on it as agreed. Pl.'s Aff. Ex. 1. Millennium, through its General Manager Larry Davis, responded that any future correspondence from Ms. Davis regarding the house should be sent "to our attorney, Mr. Lewis A. Thompson." Pl.'s Aff. Ex. 2. Ms. Davis also contacted the Consumer Protection Section of the Attorney General's Office for the State of North Carolina to file a complaint

against Millennium.  Pl.'s Aff. Exs. 3, 4.  She received from the State a copy of Millennium's response to her complaint, which was prepared by Mr. Thompson on February 23, 2004.  In the response, Mr. Thompson indicated that Ms. Davis had a new attorney who had contacted him to request documents concerning the matter, and opined:  "From my perspective, this is a rather straightforward foreclosure procedure. Millennium Development has afforded Ms. Davis every opportunity to resolve this obligation and she has failed to do so."  Mr. Thompson copied the letter to Millennium, but not to Ms. Davis.  Pl.'s Aff. Ex. 5.

   The foreclosure proceeding was commenced in the summer of 2004. Ms. Davis states in her affidavit that she attended a foreclosure hearing at which Mr. Thompson "cross-examined [her] in the best interests of Millennium."  She states that no attorney was present for Millennium at that hearing.  There was another hearing on the matter, and Ms. Davis stated in her affidavit that Mr. Thompson again "represented Millennium."  The clerk ordered the foreclosure, and Ms. Davis appealed on grounds that the debt was not due.  She also moved for Mr. Thompson's dismissal as trustee.  The  case was then dismissed on July 7, 2004, by Mr. Thompson.  Def.'s Mot. for Summ. J.  Ex. 3.

   In September of 2004, Mr. Thompson initiated a new foreclosure proceeding on grounds that Ms. Davis had defaulted on the terms of the Note and Deed of Trust because she had not insured the home or paid

3

taxes on it. Another hearing was held before the Clerk of Superior Court of Warren County, who subsequently entered an order finding that there had been a default and that the trustee was authorized to conduct the sale. Def.'s Mot. for Summ. J. Ex. 4.

As outlined above, Ms. Davis then filed her petition for relief under chapter 13 of the Bankruptcy Code, which stayed the foreclosure action. She filed the adversary proceeding against Millennium on April 4, 2005, and on April 12, 2005, amended her complaint to add Mr. Thompson, in his capacity as trustee.

Mr. Thompson moved for dismissal of the complaint as to him under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but that motion was denied in this court's order of August 25, 2005. The court found that Ms. Davis had stated a claim for breach of fiduciary duty based on her allegations that Mr. Thompson, as trustee for the deed of trust in favor of Millennium Development Group, knew or should have known that no collateral had been delivered to the plaintiff, that Mr. Thompson had a duty to verify the existence of collateral given in exchange for the deed of trust, that Mr. Thompson had a fiduciary duty to remain neutral and to be impartial in the foreclosure proceedings, and that he breached this duty by regularly representing the interests of Millennium.

Mr. Thompson now moves for summary judgment as to the breach of fiduciary duty claim against him. Summary judgment is proper "'if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962).  Summary judgment should not be granted unless the moving party establishes his right to judgment "with such clarity as to leave no room for controversy."  Portis v. Folk Constr. Co., Inc., 694 F.2d 520, 522 (8th Cir. 1982) (quoting Bellflower v. Pennise, 548 F.2d 776, 777 (8th cir. 1977)).

It is readily apparent in this matter that the remaining legal issues are based on contested questions of fact, which cannot be resolved through a motion for summary judgment. On the one hand, Mr. Thompson has presented evidence tending to show that he has not "regularly " represented Millennium; that attorney Marvin P. Rooker represented Millennium at the hearing prior to initiation of the second foreclosure; that in the opinion of the clerk who conducted that hearing, Mr. Thompson's conduct was impartial and appropriate to his role as trustee; and that with the exception of his original

5

preparation of the Note and Deed of Trust and his recordation of it for a fee of $150, he had "no further contact with Millennium" until they contacted him regarding foreclosure on the Deed of Trust.

In contrast, Ms. Davis has presented evidence tending to show that Mr. Thompson did act as attorney for Millennium, and took actions contrary to her interests, despite his position as trustee on the deed of trust.  Her evidence, if believed, would show that Mr. Thompson began foreclosure proceedings against the property before the debt owed to Millennium even became due, essentially represented Millennium throughout two hearings on the matter and entry of an order allowing foreclosure, and then dismissed the proceeding in his capacity as Millennium's attorney.  Mr. Thompson initiated foreclosure proceedings again two months later on grounds that Ms. Davis had not insured the property or paid the taxes on the home, although Ms. Davis contends that this foreclosure was wrongful in that the debt still was not due, she had paid taxes on her land but not the house, and she could not insure or pay taxes on a water-damaged home that she did not own or occupy.  In sum, Ms. Davis argues from her evidence that instead of acting as a neutral trustee to facilitate resolution of these issues, Mr. Thompson did in several significant contexts actively represent Millennium, and further, that he worked to advance its interests to the detriment of hers.

Thompson counters with several explanations and further evidence. He argues, for example, that the stipulation of dismissal document identifying him as Millennium's attorney is essentially a "scrivener's error," and offers affidavits from Millennium's attorney and the Warren County Clerk of Court attesting to his impartiality and appropriate conduct. This sort of back-and-forth dispute about the facts, which necessarily involves assessment of credibility, is precisely the sort of matter that must be resolved in the trial of an adversary proceeding, not through a motion for summary judgment.

Fortunately, both Ms. Davis and Mr. Thompson cite to the same longstanding North Carolina precedent outlining the duties and obligations of a trustee on a deed of trust. In this state, trustees on deeds of trust serve as "impartial agents of the creditor and debtor alike." Mills v. Mutual Bldg. & Loan Ass'n., 216 N.C. 664, 6 S.E.2d 549, 552 (1940). Among other things, the position of trustee serves to "provide a convenient, cheap and speedy mode of satisfying debts on default of payment; to assure fair dealing and eliminate the opportunity for oppression; [and] . . . to attend equally to the interest of the debtor and creditor alike . . . . He is charged with the duty of fidelity as well as impartiality, of good faith and every requisite degree of diligence . . . ." Mills, 6 S.E.2d at 552. There therefore appears to be little disagreement between the parties about the appropriate standards applicable to a trustee on a deed of trust,

and the court expects that the parties' presentation of the relevant evidence at trial will be straightforward and readily assessed.

Accordingly, for the foregoing reasons, the defendant's motion for summary judgment is **DENIED**.

**SO ORDERED.**

DATED:   January 12, 2006

A. Thomas Small
United States Bankruptcy Judge