**SO ORDERED.**

**SIGNED this 11 day of May, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **HESTER ALICE DAVIS** | 04-03619-5-ATS |
|     DEBTOR | |
| | |
| **HESTER ALICE DAVIS** | ADVERSARY PROCEEDING NO. |
|     Plaintiff | S-05-00076-5-AP |
|     v. | |
| **MILLENNIUM DEVELOPMENT GROUP, LLC**<br>**and LEWIS A. THOMPSON, III, TRUSTEE** | |
|     Defendants. | |

**ORDER ALLOWING MOTION TO AMEND JUDGMENT, ORDER DISMISSING MOTION TO INTERPRET ORDER, AND ORDER EXTENDING DEADLINE**

The matters before the court are the motion filed by Lewis A. Thompson, III to amend judgment, and the motions filed by Millennium Development Group, LLC to interpret an order of the court and for an extension of a deadline to move the modular home. A telephonic hearing was conducted on May 10, 2006.

A judgment was entered in this matter on April 12, 2006, and amended on April 20, 2006. The judgment and amended judgment omitted the word "Trustee" in the caption after the name of

defendant Lewis A. Thompson, III, and Mr. Thompson requested that the judgment be amended to reflect the correct caption. The plaintiff, Hester Alice Davis, agreed that Mr. Thompson was sued in his capacity as trustee and had no objection to the amendment. The parties acknowledged that the change in the caption does not affect Mr. Thompson's personal liability to pay the judgment. Accordingly, the motion to amend the judgment is **ALLOWED**, and a second amended judgment will be entered.

The judgment and amended judgment require Millennium to pay damages to the plaintiff in the amount of $26,400, and Mr. Thompson to pay damages to the plaintiff in the amount of $12,500. The order further provided that the liability of the defendants is joint and several. Millennium filed a motion to clarify the appropriate amount for it to pay to satisfy the judgment, concerned that it misinterpreted the order because of the overlapping damages between Millennium and Mr. Thompson. At the hearing, Millennium's attorney and Mr. Thompson's attorney stated their understanding that the total amount of damages to be paid to Ms. Davis is $26,400, and that any issues as to who pays what amount for the joint damages are for Millennium and Mr. Thompson to resolve. Ms. Davis' attorneys disagreed with that interpretation, but Millennium's and Mr. Thompson's interpretation is correct. The judgment is clear that the liability is joint and several and no further explanation of this basic legal term is required. No clarifying amendment to the judgment is needed, and, accordingly, the motion for interpretation is **DISMISSED**.

Finally, the judgment and amended judgment provide that Millennium may remove the modular home constructed on Ms. Davis' land prior to May 30, 2006, but only after the damages are paid in full.  Millennium requested additional time to remove the home, as it is having difficulty making arrangements to have the home removed before May 30.  Ms. Davis opposes the motion.  The request to extend the deadline is **ALLOWED,** and Millennium shall have two additional weeks, to June 13, 2006, to remove the home.

**SO ORDERED.**

**END OF DOCUMENT**